# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF INDIANA HAMMOND DIVISION

| | |
|---|---|
| Martrice Rupert & Tommy Williams<br>Propria Persona see: Title 1 USC 8<br>V.<br><br>Miller Beach Apartment, and Agent Mark, and counsel Mark Latrazo | ) Cause No:<br>)<br>) 2:22CV023<br>)<br>) 42 USC 1983<br>)<br>)<br>) |

FILED FEB 07 2022 GARY T. BELL, Clerk U.S. DISTRICT COURT NORTHERN DISTRICT OF INDIANA

## 42 USC 1983 CIVIL COMPLAINT

1.) Comes now Martrice Rupert, and Tommy Williams to state only the facts of the issue that occurred on 01/18/2021 where we will state under 28 USC 1976 that everything we are stating is true under penalty of perjury where we did not receives reasonable notice that meet the requirements of the Due Process Clause of the Fourteenth Amendment. Pp. 795- 780.

2.) Miller Beach Apartment cause of action through pleadings was prepared by Angela Jones, and Mark Latrazo law office located in Gary Indiana summons was served by some secrete officer who works for the Gary Indiana Police Department it is to my understanding that the Lake County Indiana Sherriff is supposed to serve a eviction notice with a paper trail of a actual time when this summons was served to an action that will affect an interest in life, liberty, or property protected by the Due Process Clause, the State of Indiana, and The City Of Gary must provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." by more effective means such as personal service or mailed notice. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865. Pp. 795-797

3.) Most recently, in *Greene v. Lindsey,* 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed. d 249 (1982), we held that posting a summons on the door of a tenant's apartment was an inadequate means of providing notice of forcible entry and detainer actions.

4.) Since a apartment clearly has a legally protected property interest, where Martrice Rupert & Tommy Williams is entitled to notice reasonably calculated to apprise him of a pending eviction Cf. *Wiswall v. Sampson,* 55 U.S. 52, 67, 14 L.Ed. 322 (1852) "an inexpensive and efficient mechanism such as mail service is available." *Greene v. Lindsey, supra,* 456 U.S., at 455, 102 S.Ct., at 1881.

5.) It is true that particularly extensive efforts to provide notice may often be required when the State is aware of a party's inexperience or incompetence. See, e.g., *Memphis Light, Gas & Water Div. v. Craft, supra,* 436 U.S., at 13-15, 98 S.Ct., at 1562-1564; *Covey v. Somers, supra.*

Page :1

6.)*[Cont]See Haines v. Kerner we are trained attorney ,and ask this court to take notice of this .*

7.)Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of *any* party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable.

8.)We therefore conclude that the manner of notice provided to Martrice Rupert ,and did not meet the requirements of the Due Process Clause of the Fourteenth Amendment.6

9.)In *Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), the Court established that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." We emphasized that notice is constitutionally adequate when "the practicalities and peculiarities of the case . . . are reasonably met," *id.,* at 314-315, 70 S.Ct., at 657. See also *Walker v. City of Hutchinson,* 352 U.S. 112, 115, 77 S.Ct. 200, 202, 1 L.Ed.2d 178 (1956);

10.)Whether a particular method of notice is reasonable depends on the outcome of the balance between the "interest of the State" and "the individual interest sought to be protected by the Fourteenth Amendment."

11.)Miller Beach Agent Mark stated where I had present two witness on our first visit to the management office after the self help eviction had taken place by changing locks where a sheriff was not present to do a forcible entry where he said this mystery office instructed him he could move forward with nis security team ,and this action would be lawful to remove the locks from a court order I did not received from 12/01/2021 that was posted on my door *Memphis Light, Gas & Water Div. v. Craft,* 436 U.S. 1, 13-15, 98 S.Ct. 1554, 1562-1563, 56 L.Ed.2d 30 (1978) where Martrice Rupert ,and Tommy Williams has brought this class action in this Federal District Court under 42 U.S.C. § 1983, seeking declaratory and injunctive relief and damages against Miller Beach Apartment Mark ,and this mystery agent for the Gary Police Department ,and counsel Mark Latazo who appeared on behalf of Miller Beach Agent Mark where I stated before the Gary Indiana Judge I was in protest of Miller Beach Apartment agent Marks absents in violation of due process to raise a objection that he did the self help eviction illegal eviction where his counsel concealed his testimony that would be obstruction of justice 18 USC 1503 several of its officers and employees for terminations of utility service allegedly without due process of law. After refusing to certify the action as a class action, the District Court determined that respondents' claim of entitlement to continued

12.)Obstructing justice, as it sounds, has to do with knowingly interfering in the administration of justice. Known as a "process crime," it's a criminal offense against the judicial process itself, similar to crimes of false and misleading statements, contempt, perjury, and failure to appear.

Page:2

13.) In the U.S., obstruction of justice is defined by both state and federal law. In Indiana, a state law prohibiting "obstruction of official business" (related to hampering law enforcement of other officials) is a second-degree misdemeanor. Under Title 18 U.S.C § 1503, federal law defines "obstruction of justice" as:

14.) *Any act which, corruptly or by the threat of force / threatening communication, impedes, influences, obstructs, or aims to impede, influence, or obstruct the due administration of justice.*
1.), victim, or informant tampering / retaliation(§§ 1512, 1513);
2.) Altering, destroying, or falsifying records (§ 1519);
3.) Conspiracy to defraud the U.S. (§ 371) and contempt;(conspiracy to alter flight log books of police officers to prevent information from reaching the grand jury); *United States v. Jeter*, 775 F.2d 670, 683 (5th Cir. 1985)
This reasoning applies as well to the omnibus clause of 18 U.S.C. § 1503. *Griffin*, 589 F.2d at 203-05 (false denial of knowledge and memory before grand jury); *United States v. Cohn*, 452 F.2d 881, 883-84 (2d Cir. 1971) (same), *cert. denied*, 405 U.S. 975 (1972).

15.) Universal Citation: IN Code § 35-44.1-2-2 (2017)
IC 35-44.1-2-2 Obstruction of justice
Sec. 2. (a) A person who:
(A) withhold or unreasonably delay in producing any testimony, information, document, or thing;
(B) avoid legal process summoning the person to testify or supply evidence; or
(3) alters, damages, or removes any record, document, or thing, with intent to prevent it from being produced or used as evidence in any official proceeding or investigation;

16.) This action to place in Gary Indiana by one of its agents see Kellogg v. City of Gary 562 N.E.2d 685, 690 (Ind. 1990) The Civil Rights Act, 42 U.S.C. § 1983, provides, in pertinent part, as follows: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to *the deprivation of any rights, privileges, or immunities secured by the Constitution and laws*, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

17.) This actor must prove by the preponderance of evidence that he actually provided due process notice, because we did not get it, and if we did we would have appeared this secret agent must proved the following, and if this action is not proven we ask The United States District Court to take notice of the following .42 U.S.C. § 1983 Martrice Rupert, and Tommy Williams by this first amendment petition to redress for grievance on three bases for recovery under 42 U.S.C. § 1983: (1) denial of equal protection of the laws in violation of the Fourteenth Amendment; (2) violation of a constitutionally protected right to bear arms under the Second Amendment; and (3) deprivation of a property or liberty interest without due process of law in violation of the Fifth and Fourteenth Amendments we state again we did not received a in person summons or by certified mail

18.) *Martrice Rupert, and Tommy Williams feel unequal to Miller Beach Apartment agent Mark*
The Equal Protection Clause of the Fourteenth Amendment provides, in pertinent part, as follows: No State shall . deny to any person within its jurisdiction the equal protection of the laws. Equal protection under these federal and state constitutions are coextensive. *Huff v. White Motor Corp.* (7th Cir.1979), 609 F.2d 286; *Sidle v. Majors* (1976), 264 Ind. 206, 341 N.E.2d 763. U.S. Const., Art. XIV, § 1

Page :3

19.) Martrice Rupert, and Tommy Williams maintain we were deprived of equal protection of the laws because, unlike other Indiana citizens, we were denied access by lack of due process procedure

20.) *Due Process*
The citizens' final basis of recovery is grounded on the Due Process Clause of the Fourteenth Amendment, which provides no state shall "deprive any person of life, liberty, or property, without due process of law. . . ." U.S. Const., Art. XIV, § 1. We ask this court to the question of whether any of these "rights" constitute a liberty or property interest entitled to Fourteenth Amendment protection. In *Board of Regents v. Roth* (1972), 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548, the United States Supreme Court spoke of a protectible property interest in the following terms:

21.) To have a property interest in a benefit, Martrice Rupert, and Tommy Williams clearly must have more than an abstract need or desire for it. We must have more than a unilateral expectation of it. As we have clearly have shown we must, instead, have a *legitimate claim of entitlement* to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims.

22.) *Property interests*, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that *stem from an independent source such as state law* — rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

23.) Accordingly, one must look to both state and federal law in determining whether there is a liberty or property interest entitled to Fourteenth Amendment protection. *See also Meachum v. Fano* (1976), 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451

24.) Due Process Clause to insure that the state created right is not arbitrarily abrogated"); *Baer v. City of Wauwatosa* (7th Cir. 1983), 716 F.2d 1117, 1122 (property, for purposes of the Fourteenth Amendment, defined "as what you hold securely as a result of state or federal law" (citing *Reed v. Village of Shorewood* (7th Cir. 1983), 704 F.2d 943, 948)). Substantively, Martrice Rupert, and Tommy Williams will argue this deprivation herein was arbitrary and capricious and lacked a reasonable basis in law to prove notice was given.

25.) Martrice Rupert, and Tommy Williams as a citizens have a liberty interest in being free from arbitrary and capricious government action would be tantamount to finding a federal right to monetary damages every time a citizen was affected by state governmental action.

26.) Justice Stevens, in his concurring opinion to *Daniels v. Williams* (1986), 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662, and its companion case, *Davidson v. Cannon* (1986), 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677, noted the three components of the Due Process Clause of the Fourteenth Amendment: First, it incorporates specific protections defined in the Bill of Rights. . . . .

27.) Second, it contains a substantive component ... which bars certain arbitrary government actions "regardless of the fairness of the procedures used to implement them." ....

28.) Third, it is a guarantee of fair procedure ... the State may not ... take property without providing appropriate procedural safeguards. 474 U.S. at 337, 106 S.Ct. at 677-78, 88 L.Ed.2d at 672 (footnotes and citations omitted). Justice Stevens went on to discuss whether the existence of an available state remedy would defeat a § 1983 claim and concluded that an available state remedy would never preclude a *substantive* due process claim, but in certain circumstances may preclude a *procedural* due process claim:

29.) If the claim is in the first category (a violation of one of the specific constitutional guarantees of the Bill of Rights), *a plaintiff may invoke § 1983 regardless of the availability of a state remedy.*

30.) Similarly, if the claim is in the second category (a violation of the substantive component of the Due Process Clause), *a plaintiff may also invoke § 1983 regardless of the availability of a state remedy.*

31.) A claim in the third category — a procedural due process claim — is fundamentally different. ........ the deprivation itself does not necessarily reflect any "abuse" of state power. ..... In a procedural due process claim, it is not the deprivation of property or liberty that is unconstitutional; it is the deprivation of property or liberty *without due process of law* — without adequate procedures.

32.) Miller Beach Apartment agent Mark is not a state official. However, Martrice Rupert, and Tommy Williams alleges that [Mark] acted under color of state law by conspiring with Mark Laterzo, counsel from Miller Beach Apartment and this secrete Gary Police Officer a state officials to deprive [plaintiff Martrice Rupert, and Tommy Williams] of a federal right.

### 33.) Rule 1.1. Competence

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation. this action commence by Mark Laterzo attorney number 11418-64 where he drafted a verified complaint that lack signature verification as we will explain see UCC 3-401 from either him or Miller Beach agent Mark see.

34.) **Indiana Code 35-34-1-2.4. Verified or sworn documents; form of oath; administration; false affirmation or verification**

Sec. 2.4. (a) If an indictment, information, pleading, motion, petition, probable cause affidavit, or other document is required to be verified or sworn under oath before it is submitted to the court in a criminal action, the document meets the requirements of the law as a sworn document if the following form or a substantially similar form is used:

> I swear (affirm), under penalty of perjury as specified by IC 35-44.1-2-1, that the foregoing (the following) representations are true.
>
> Signed _____
>
> This action taken was for a debt in the amount $4,396.01 for 5806 Cypress Apt 201 Gary Indiana 46403

Page : 5

| 35.) | Terms Used In Indiana Code 35-34-1-2.4 |
|---|---|

1.) Affidavit: A written statement of facts confirmed by the oath of the party making it, before a notary or officer having authority to administer oaths. being that there is amount sought it would have to be plead before a notary.
The term affidavit has been defined at common law as being a written statement under oath taken before an authorized officer. Dawson v. Beasley (1962), 242 Ind. 536, 180 N.E.2d 367; State ex rel. Peterson v. Board of Trustees (1985), Ind. App., 474 N.E.2d 520. The jurat is not part of the affidavit; it is merely evidence that the oath has been taken. Pappas v. State (1979), 179 Ind. App. 547, 386 N.E.2d 718, 721. Trial Rule 11(B) clearly states that the use of the affirmation language is sufficient to verify an affidavit. The trial rules are intended to secure the just, speedy and inexpensive determination of every action, Ind. Rules of Procedure, Trial Rule 1, to simplify and abbreviate proceedings, to remedy abuses and imperfections in the practice, and to abolish unnecessary forms, technicalities and proceedings. IND. CODE 34-5-2-1. Therefore, "[i]n lieu of the usual form of jurat, the parties may affirm the truth of the matter in accordance with Trial Rule 11(B). . . ." 2 Thompson and Hostetler, Indiana Forms of Pleading and Practice, § 11.08 (1987). The rule provides a more expeditious method of verification and yet subjects a false subscriber to the same penalty of perjury.
2.) Oath: includes "affirmation" and "to swear" includes to "affirm". See Indiana Code 1-1-4-5
3.) Verified: when applied to pleadings, means supported by oath or affirmation in writing. See Indiana Code 1-1-4-5 for cause no:45H03-2111-EV-413 where the Trier of the fact's was supposed to sanction counsel Marc Laterzo under Indiana rule 11.

36.) The History of Rule 11 The existence of a rule requiring that counsel sign pleadings dates back to English equity practice at the time of Sir Thomas More. The original purposes behind the rule seem to have been to assure that pleadings complied with the correct forms and to grant lawyers a monopoly over cases brought before chancery courts. See generally D. Michael Risinger, Honesty in Pleading and its Enforcement: Some "Striking" Problems with Federal Rule of Civil Procedure 11, 61 Minn. L. Rev. 1, 8-14 (1976). In the nineteenth century, however, Justice Story believed that counsel's signature served to guarantee that "there is good ground for the suit in the manner, [sic] in which it is framed." J. Story, Equity Pleadings § 47 (1838). As a result of Justice Story's influence, Rule 24 of the Federal Equity Rules of 1842, 42 U.S. (1 How.) xlvii, required every bill to contain counsel's signature as an "affirmation" that there was "good ground" for the suit. Rule 24 of the Equity Rules of 1912, 226 U.S. 627, 655 (1912), retained the provision that counsel's signature constituted a "certificate" that the pleading 4 Introduction had "good ground." The equity rule supplied the foundation for Federal Rule of Civil Procedure 11, which remained unchanged until it was amended for the first time in 1983.

37.) Martrice Rupert, and Tommy Williams ask The United States District to take judicial notice to In Pavelic & LeFlore v. Marvel Entm't Group, 493 U.S. 120 (1989), the Supreme Court held that under the pre-1993 version of Rule 11, only the signer Mark Laterzo attorney number 11418-64 the drafter of the verified complaint should be held responsible — and not that attorney's law firm. The 1993 amendment changed that rule by providing specifically: the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation. Rule 11(c). And, [a]bsent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates and employees that would also be Angela Jones attorney no:17142-45A neither attorney signed or there client.

38.) Who Must Certify that would be **Mark Laterzo attorney number 11418-64**
If a party is represented by counsel, at least one attorney of record must sign each paper to which Rule 11 applies. Moreover, the attorney must sign the paper in her individual name, rather than with the name of a law firm or with the party's name. If the party is not represented by counsel, then the party must sign each paper. More than one court has held that, because a corporation may appear in the federal courts only through licensed counsel, the signature of an officer or director of a corporation is not sufficient to constitute a signature under 11(a). See **Tinsley v. Union Planters Corp., No. 02-2606-Ma/A, 2002 U.S. Dist. LEXIS 26254, at *5 (W.D. Tenn. Aug. 7, 2002); Operating Engineers Local 139 Health Benefit Fund v. Rawson Plumbing, Inc., 130 F. Supp. 2d 1022, 1024 (E.D. Wis. 2001).**

C. Required Statements In addition to affixing a signature, the person signing each paper must also provide her address and telephone number, if any. Although by signing the paper, the signer certifies that the paper meets the reasonable inquiry requirements of Rule 11(b), the signer is not required to include a separate statement to that effect in the document.

D. Consequences of Not Certifying If a party or attorney does not sign a paper, the court must strike the paper, unless the party or attorney corrects the deficiency promptly after it is called to the party's or attorney's attention. This requirement is designed to ensure that the substantive, reasonable inquiry requirements of Rule 11 apply to all papers. Rather than impose the substantive requirements directly, the rule requires that every paper be signed, and then makes adherence to the substantive requirements a part of signing the paper.

40.) Matrice Rupert, and Tommy Williams feels his complaint lack merit being that lawyers are deemed to know the law see Owens v. Independence ,and Miller Beach Apartment agent [Mark] was supposed to signed ,and his counsel we feel these document where fraudulent ,because it never proved that we actually served this verified complaint we have yet to see any proof of this in the case chronology of which Gary Indiana agent served us .
(c) A person who makes a false affirmation or verification under this section may be prosecuted under IC 35-44.1-2-1.

41.) Martrice Rupert ,Tommy Williams understand your John Hancock is everything ,and we also understand Indiana trial rule 11 sanction.

```
42.) Black's Law Dictionary defines "actionable" as follows:
"Actionable. That for which an action will lie, furnishing legal ground
for an action. See Cause of action; Justiciable controversy."
[Black's Law Dictionary, Sixth Edition, p. 29]
B. In order to be "actionable", a cause must:
i. Involve either a breach of an agreement or an invasion of a legal right
protected by a legal right arising under the Constitution or the laws
applicable to the place of injury.
```

43.) We ask this court to take notice the complaint was not signed on the Frivolousness of Rule 11, courts often employed that term when determining the appropriateness of sanctions.

[Cont]See, e.g., Rush v. McDonald's Corp., 966 F.2d 1104, 1122 n.67 (7th Cir. 1992) ("'An attorney takes a frivolous position if he fails to make a reasonable inquiry into facts (which later prove false) or takes a position unwarranted by existing law or a good faith argument for its modification.'") (quoting Magnus Elecs., Inc. v. Masco Corp., 871 F.2d 626, 629 (7th Cir. 1989)).there complaint was never proved by affidavit of debt or it lack proof of a legal summons served by a sheriff or a Indiana process server signed under oath.

44.)a pleading, motion, or paper violates Rule 11 if it is frivolous, legally unreasonable, or factually without foundation, even though not signed in subjective bad faith. Prof'l Mgmt. Assocs. v. KPMG LLP, 345 F.3d 1030, 1033 (8th Cir. 2003) (finding that The Gary City Court abused its discretion by refusing to sanction Miller Beach Apartment agent Mark who didn't even signed his claim to grant the subject matter to The Gary Indiana Courts and his attorney Mark Laterzo attorney number 11418-64 for filing and maintaining a frivolous lawsuit asserting claims barred by res judicata)in violation of due process see: Corroon v. Reeve, 258 F.3d 86, 92 (2d Cir. 2001) ("Rule 11 is violated when it is clear under existing precedents that a pleading has no chance of success and there is no reasonable argument to extend, modify, or reverse the law as it stands."); Chaudry v. Gallerizzo, 174 F.3d 394, 410-11 (4th Cir.) (sanctions upheld where trial court determined that plaintiffs brought claims against debt collectors based on evidence that no "rational person" would have believed supported their claim), cert. denied, 120 S. Ct. 215 (1999); Ind. Risk Ins. v. M.A.N. Gutehoffnungshutte GmbH, 141 F.3d 1434, 1448 (11th Cir. 1998) (frivolousness defined as having **failed to attach to its Affidavit of Debt copies of documents to which the Affidavit refers, as required by Indiana Trial Rule 56(E); (2) the Affidavit of Debt was not based on personal knowledge signed under oath of affirmation as required by Trial Rule 56(E); and (3)** Mark Laterzo attorney number 11418-64 failed to lay a proper foundation as to its Exhibit titled Customer Agreement" and its Exhibit B, as required to authenticate those documents under the business record exception to hearsay, Indiana Evidence Rule 803(6).
Indiana Trial Rule 56 permits parties to submit affidavits in support of their motions for summary judgment Martrice Rupert ,and Tommy Williams will assert there is no summery judgement motion from counsel for Miller Beach Apartment.

45.)T.R. 56(E).
[9] Thus, in ruling on a motion for summary judgment, the trial court will consider only properly designated evidence which would be admissible at trial. *E.g., D.H. by A.M.J. v. Whipple*, 103 N.E.3d 1119, 1126 (Ind. Ct. App. 2018), *trans. denied*. Such evidence does not include inadmissible hearsay contained in an affidavit. *See, e.g., Holmes v. Nat'l Collegiate Student Loan Trust*, 94 N.E.3d 722, 725 (Ind. Ct. App. 2018). Nor does it include documents that are unsworn statements or unverified exhibits. *Greenfield v. Arden Seven Penn Partners, L.P.*, 757 N.E.2d 699, 702 n.3 (Ind. Ct. App. 2001), *trans. denied*. Moreover, it is well settled that "'if a document is relied upon to support a motion for summary judgment, it must be exhibited in full; affidavits as to its substance, effect or interpretation are not sufficient.'" *Reef v. Asset Acceptance, LLC*, 43 N.E.3d 652, 654 (Ind. Ct. App. 2015) Martrice Rupert ,and Tommy William will assert we yet to see any pleadings signed under oath.

46.) Martrice Rupert, and Tommy Williams will assert these action where a conspiracy. "[T]o act 'under color of' state law for § 1983 purposes does not require that the defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents. to do a self help eviction the Private persons Mark a agent for Miller Beach Apartment , jointly engaged with a mystery state officials who is employed by The Gar Indiana Police Department in the challenged action, are acting see *[sic]* 'under color' of law for purposes of § 1983 actions." *Dennis v. Sparks*, 449 U.S. , 27-28 (1980) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970); *United States v. Price*, 383 U.S. 787, 794 (1966)); *see also Abbott v. Latshaw*, 164 F.3d 141, 147-48 (3d Cir. 1998).

47.) Miller Beach Agents Mark that is private person acted 'under color of' state law when he engaged in a conspiracy with a Gary Indiana officials to deprive Martrice Rupert ,and Tommy Williams of a federal rights by a self help eviction ." 1 *Tower v. Glover*, 467 U.S. 914, 920 (1984) (citing *Dennis*, 449 U.S. at 27-28); *see also Adickes*, 2 398 U.S. at 152 ("Although this is a lawsuit against a private party, not the State or one of its 3 officials, . . . petitioner will have made out a violation of her Fourteenth Amendment rights and 4 will be entitled to relief under § 1983 i

48.) Martrice Rupert ,and Tommy Williams would also like to bring to The United District Court attention on how we where injured through this self help eviction where we never received a Notice Of Quite where there is a lease of land for a term of years the law imports into the lease a covenant for quiet enjoyment. Avery v. Dougherty (1885), 102 Ind. 443, 2 N.E. 123; Voss v. Capital City Brewing Co. (1911), 48 Ind. App. 476, 96 N.E. 11; Jordan v. Indianapolis Water Co. (1902), 159 Ind. 337, 64 N.E. 680; 14 Am. Jur., Covenants, Conditions and Restrictions, § 90, p. 543.

49.) This cause taken by Miller Beach Apartment agent Mark was a Constructive eviction We emphasize the Court's language, "in every case of constructive eviction the tenant must quit the premises... ." Id. Imposed upon the lessee is the further limitation that the abandonment must occur within a reasonable time after the lessor has committed the act or omission considered to be the constructive eviction. Indiana State Highway Comm'n v. Pappas (1976), 169 Ind. App. 611, <u>349 N.E.2d 808</u>;

50.) Constructive eviction occurs when the lessor, without intending to oust the lessee, commits an act depriving the lessee of the beneficial enjoyment of some part of the premises. *Village Commons LLC v. Marion Cnty Prosecutor's Office*, 882 N.E.2d 210, 216 (Ind. Ct. App. 2008) (citing *Talbott v. English*, 156 Ind. 299, 307-08, 59 N.E. 857, 860 (1901)). In such a case, "'the tenant has his right of election, to quit, and avoid the lease and rent, or abide the wrong and seek his remedy in an action for the trespass. where they change the lock's while I was at work'" *Id.* (quoting *Talbott*, 156 Ind. at 307-08, 59 N.E. at 860). "'

51.) Martrice Rupert & Tommy Williams at no point abandon the unit or was giving no reasonable notice to quite so this cause of action is against the wrongdoer, and not the covenantor. However, the acts of a third person may constitute an eviction if the landlord authorizes them or consents thereto, or fails in a duty incumbent upon him to protect a tenant from them or from their consequences.

[Cont]Miller v. Michel (1895), 13 Ind. App. 190, 41 N.E. 467; 14 Am. Jur., Covenants, Conditions and Restrictions, § 90, pages 543 and 544; 52 C.J.S., Landlord and Tenant, § 448, p. 164.

52.)Martrice Rupert will assert stated In Kostas et al. v. Kimbrough, etc. (1965), 137 Ind. App. 89, 205 N.E.2d 170, the landlord at Miller Beach Apartment counsel engaged in a course of harassing conduct by interfering with lawful entry by changing locks without following all procedural due process on the leased premises.

53.)Martrice Rupert ,and Tommy Williams by this petition ask this court to take notice that this self help eviction was a trespass see:Lever Bros. Co. v. Langdoc, 655 N.E.2d 577, 582 (Ind. Ct. App. 1995) (quoting RESTATEMENT (SECOND) OF TORTS § 165 (1965)). A plaintiff in a trespass action must prove that he was in possession of the land and that "the defendant entered the land without right." Ind. Mich. Power Co. v. Runge, 717 N.E.2d 216, 227 (Ind. Ct. App. 1999)

54.)"'If Martrice Rupert,and Tommy Williams proves both elements to this court we feel we are entitled to nominal damages without proof of injury.'" Id. (quoting Sigsbee v. Swathwood, 419 N.E.2d 789, 799 (Ind. Ct. App. 1981)). If Martrice Rupert,and Tommy Williams proves both elements to this court any additional injury, proximately resulting from the trespass, the we feel we are entitled to compensatory damages. Sigsbee, 419 N.E.2d at 799.

55.)In summary, this cases show that a wrongful eviction has occurred, and Martrice Rupert ,and Tommy Williams feels damages have been proven ,and is seeking $5,000,000 for damages based on an improper termination of the lease and his lost interest therein for changing locks for landlord's interference with the quiet enjoyment of the premises for punitive damages..
This position was suggested in 49 Am.Jur.2d, Landlord and Tenant, § 333.

56.)Martrice Rupert ,and Tommy Williams ask this court to take notice this is a 4th amendment & 14th amendment violation for elements of a common law tort, for punitive damages may be awarded for the tort. "Punitive damages may be awarded in addition to compensatory damages 'whenever the elements of fraud, malice, gross negligence or oppression mingle in the controversy.' (Original emphasis) Vernon Fire & Casualty Ins. Co. v. Sharp, supra, Ind., 349 N.E.2d 173, 180, quoting Taber v. Hutson (1854), 5 Ind. 322. "Further, where a separate tort accompanies the breach or the elements of tort mingle with the breach, it must appear that the public interest will be served by the deterrent effect of the punitive damages. Vernon Fire & Casualty Ins. Co. v. Sharp, supra."

57.)Martrice Rupert received a call on 01/18/2022 from a concerned
neighbor stating the Miller Beach Apartment management ,and his
security team change the locks without any reasonable notice which I
have suffered public embarrassment, frustration, and emotional
distress as a result of Miller Beach Apartment agent discriminatory
housing practices section 6 . And we ask this court to take judicial
notice of damages sought for compensatory damages in the amount of
$5,000,000 where we feel the law is on our side ,and theses action
where totally unnecessary ,and proper protocol would have been by the
following. see exhibit A,B,C

Page :10

58.)In this cause taken in objection to changing locks by the landlord at Miller Beach Apartment that resulted in me not being able to enter premise without them unlocking the door first that interferes with our use and possession, where we will maintain an action in tort to recover resulting damages. Ind. State Highway Comm. v. Pappas (1976), 169 Ind. App. 611, 349 N.E.2d 808. See also Van Bibber v. Norris (1980), Ind. App., 404 N.E.2d 1365 and Talbot v. Citizens National Bank of Evansville (1968), 389 F.2d 207. Therefore, an award of punitive damages is permissible in this case.

59.)This self help eviction, however, has traditionally involved greater procedural safeguards than those related to less severe deprivations. Martrice Rupert ,and Tommy Williams immediate loss of our possession of our unit plainly has greater adverse consequences than the loss of artwork or even a portion of an individual's wages. *See, e.g., United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53-54, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993)

60.)The purpose of this $5,000,000.00 award is to punish these wrongdoer and to deter others from engaging in similar conduct in the future. Indiana & Michigan Elec. Co. v. Stevenson (1977), Ind. App., 363 N.E.2d 1254. There is no rule that the amount of punitive damages must be within a certain ratio to compensatory damages. Hibschman Pontiac, supra. Two factors must be considered in assessing punitive damages.

61.)It has long been the policy of our law to discourage landlords from taking the law into their own hands, and our decisions and statutory law have looked with disfavor upon any use of self-help to dispossess a tenant in circumstances which are likely to result in breaches of the peace. We gave early recognition to this policy in Lobdell v. Keene, 85 Minn. 90, 101, 88 N.W. 426, 430 (1901), where we said: In Sweeney v. Meyers, supra, we allowed a business tenant not only damages for lost profits but also punitive damages against a landlord who, like Wiley, entered in the tenant's absence and locked the tenant out.

62.) The Fourth Amendment, made applicable to the States by the Fourteenth, Ker v. California, 374 U.S. 23, 30 (1963), provides in pertinent part that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated... ."

63.)A "seizure" of property, we have explained, occurs when "there is some meaningful interference with an individual's possessory interests in that property." United States v. Jacobsen, 466 U.S. 109, 113 (1984).

64.)Martrice Rupert ,and Tommy Williams ask this court where appears that there are two primary factors which should properly be considered in reviewing an award of punitive damages. First, the nature of the tort, and the extent of the actual damages sustained should be considered. Second, the economic wealth of the defendant should be considered." Indiana & Michigan Elec. Co. v. Stevenson, supra, 363 N.E.2d at 1262-1263.

65.)Martrice Rupert,and Tommy Williams are seeking Compensatory Damages In Fair Housing Act cases, emotional distress caused by housing discrimination is a compensable injury. See Seaton v. Sky Realty Co., 491 F.2d 634, 636-38 (7th Cir. 1974).

66.) "The more inherently degrading or humiliating the defendant's action is, the more reasonable it is to infer that a person would suffer humiliation or distress from that action; consequently, somewhat more conclusory evidence of emotional distress will be acceptable to support an award for emotional distress." United States v. Ballistrieri, 981 F.2d 916, 932 (7th Cir. 1992).

67.) Martrice Rupert & Tommy Williams ask this court to take notice of Pro Se attorney fees if we are victories to recover damages caused by diversion of resources having to take out precious time have to persue this tort committed see: Havens Realty Corp. v. Coleman, 455 U.S. 363, 379 n.19 (1982). The Seventh Circuit has characterized diversion of resources damages as equivalent to the "opportunity costs" of pursuing the investigation of the defendant's practices. Balistrieri, 981 F.2d at 933 for $100,000.00 for actual damages are $35,000. This amount includes $35,000 in damages for diversion of resources and $30,000 for frustration of mission.see: Cox v. United States Department of Justice 601 F.2d 1, 5 (D.C. Cir. 1979 Thereafter Martrice Rupert ,and Tommy Williams moved for an award of attorney fees pursuant to 42 U.S.C. § 1988, seeking $35,000 in Pro Se Attorney fees. Section 1988 gives the district court discretion to award reasonable costs and attorney fees to the prevailing parties in a civil rights action. In the case of prevailing defendants, the court may award fees where "the plaintiff's action was frivolous, unreasonable, or without foundation." Wilson-Simmons v. Lake County Sheriff's Dep't, 207 F.3d 818, 823 (6th Cir. 2000)

68.) In addition, Plaintiff seeks punitive damages, which must be included in the amount in controversy. Gibson v. Chrysler, 261 F.3d 927, 945 (9th Cir. 2001); Romo v. FFG Ins., 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005). Including punitive damages in the amount in controversy here allows no doubt that the jurisdictional requirement is met.

69.) Martrice Rupert ,and Tommy Williams will like to bring this to this court attention a agent for Miller Beach Apartment Mark stated he was giving the go ahead to change locks by this mystery Gary Police Officer that was absent during the lock change ,and was absent on the court call for the Writ Of Stay where I ask this question of action under color of state law "is fact-specific." Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995). "In the typical case raising a state-action issue, a private party has taken the decisive step that caused the harm to Martrice Rupert,and Tommy Williams , and the question is whether the State was sufficiently involved to treat that decisive conduct as state action. . . . Thus, in the usual case we ask whether the State provided a mantle of authority that enhanced the power of the harm-causing individual actor." Tarkanian, 488 U.S. at 192. Circumstances that can underpin a finding of state action include the following:

1.) A finding of "'a sufficiently close nexus between the state and the challenged action of the [private] entity so that the action of the latter may fairly be treated as that of the State itself.'"
2.) A finding that "the State create[d] the legal framework governing the conduct."
3.) A finding that the government "delegate[d] its authority to the private actor.
4.) finding that the government "knowingly accept[ed] the benefits derived from unconstitutional behavior.
5.) A finding that "the private party Miller Beach Apartment agent Mark has acted with the help of or in concert with a state of Indiana officials."employed by The Gary Indiana Police Department For an instruction on private action in concert with state officials, see Instruction
6.) A finding that the action "'result[ed] from the State's exercise of "coercive power.
7.) A finding that "'the State provide[d] "significant encouragement, either overt or covert."'"

Page:12

8.) A finding that "'a nominally private entity . . . is "entwined with governmental policies,"or [that] government is "entwined in [its] management or control.

9.) The fact that a defendant was pursuing a private goal does not preclude a finding that the 4 defendant acted under color of state law. *See Georgia v. McCollum*, 505 U.S. 42, 54 (1992)

10.) noting, in a case involving a question of "state action" for purposes of the Fourteenth Amendment, that "[w]henever a private actor's conduct is deemed 'fairly attributable' to the government, it is likely that private motives will have animated the actor's decision").

70.)(Private individual Mark)
Although [defendant Miller Beach Apartment Mark ] is a private individual and not a state official, I instruct you that the relationship between [Mark who change locks] and the state was sufficiently close that [he ] was acting under color of state law. In other words, this element of [Martrice Rupert,and Tommy Williams] claim is not in dispute, and you must find that this element has been established.

71.) Police departments are required, among other things, to preserve the peace, prevent offenses, guard public health, and enforce laws. Ind. Code § 36-8-3-10(a)(1), (2), (7), (14). "[P]olice are expected not only to enforce the criminal laws but also to aid those in distress, abate hazards from materializing, and perform an infinite variety of other tasks calculated to enhance and maintain the safety of communities." *Fair v. State*, 627 N.E.2d 427, 431 (Ind. 1993).

72.) In Nieto v. State, 499 N.E.2d 280 (Ind.Ct.App. 1986), we noted:
IC 36-8-3-6(c)(4) (1982) provides that "[t]he police officers of a municipality shall . . . suppress all breaches of the peace within their knowledge. . . ." [W]hen a police officer, whether in uniform or not, takes it upon himself to enforce the law in order to maintain peace and order for the benefit of the public, the officer is performing official duties as a police officer there was no officer present when the locks where change in a event of a breach of peace.

73.) Martrice Rupert ,and Tommy Williams will assert this secrete agent did not give us due process notice of summons . ,and if he did we ask for photographic evidence, signature verification and  ,and did he provide notice by certified mail.

## Conclusion

Martrice Rupert ,and Tommy Williams contends that if counsel Marc Laterzo can't prove by the preponderance of evidence that service was made by the two due process methods this would be a direct violation for Arbitrary discrimination under The Fair Housing Act This is the catch-all part of the law, and it means you're not allowed to discriminate against a group just because they aren't specifically mentioned in a given law. Martrice Rupert, and Tommy William belief are  the Defendants are liable for violations of the Fair Housing Act, under 42 U.S.C. §§ 3601-3617. Under the Fair Housing Act, "if this court finds that a discriminatory housing practice has occurred or is about to occur, the court may award to the plaintiff actual and punitive damages" and injunctive relief "including an order enjoining the defendant from engaging in such practice or ordering such affirmative action as may be appropriate." 42 U.S.C. § 3613(c)(1).

**State of Indiana Oath Affirmation Indiana Code 35-34-1-2.4 02/04/2022**

I Martrice Rupert swear,and (affirm),under penalty of perjury as specified by :
IC 35-44.1-2-4 that the foregoing (the following) representations are true. true to the best of knowledge in law ,and this not the signature last word on this legal matter Martrice Rupert is a non lawyer in Propria Persona  See HAINES V.KERNER .

Martrice Rupert understands this action is In Rem ,and ask THE UNITED STATES DISTRICT COURT to take notice to UCC 1-207 & UCC 1-103.6.,and pray that this remedy is granted

Signed _____

All Inalienable Right Reserve To The Constitution Of The United States Of America

**28 USC 1746**

Martrice Rupert declare under penalty of perjury that the foregoing is true and correct to the best of my Knowledge in the law Executed on (02/04 /2022)

(Sign Signature)_____

5806 Cypress Ave Apt M201
Gary Indiana Zip Code 46403
Email:Martrice90@ICLOUD.COM

State of Indiana Oath Affirmation Indiana Code 35-34-1-2.4 02/04/2022

I Tommy Williams swear,and (affirm),under penalty of perjury as specified by :
IC 35-44.1-2-4 that the foregoing (the following) representations are true. true to the best of knowledge in law ,and this not the signature last word on this legal matter Tommy Williams is a non lawyer in Propria Persona See HAINES V.KERNER .

Tommy Williams understands this action is taken ,and ask THE UNITED STATES DISTRICT COURT to take notice to UCC 1-207 & UCC 1-103.6.,and pray that this remedy is granted

Signed _____

All Inalienable Right Reserve To The Constitution Of The United States Of America

**28 USC 1746**

Tommy Williams declare under penalty of perjury that the foregoing is true and correct to the best of my Knowledge in the law Executed on (02/04 /2022).

(Sign Signature)_____

5806 Cypress Ave Apt M201
Gary Indiana Zip Code 46403
Cell Phone :773-517-8927

Page : 14