UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| MATRICE RUPERT and TOMMY WILLIAMS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO. 2:22CV23-PPS-JEM |
| GARY RESIDENTS 2, LLC, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Defendant, Gary Residents 2, LLC, filed a Motion to Strike/Quash Summons Improperly Issued to Markita Williams, and Motion to Dismiss Mark Williams. [DE 51.] Pro se Plaintiffs, Matrice Rupert and Tommy Williams, failed to file a timely response, so I entered an order granting them up to February 9, 2023, to file a response, and warning them that failure to file a response may result in the court summarily ruling on this matter. [DE 52.] On February 9, 2023, Plaintiffs filed what is entitled "Motion to Correct Error Rule 59" [DE 56], but seems in substance to be a response to the motion, and the Court will construe it that way. For the reasons set forth below, the motion to strike/quash the summons issued to Markita Williams and the motion to dismiss defendant Mark Williams, will be granted.

### Background

Pro se plaintiffs Matrice Rupert and Tommy Williams filed their civil complaint on February 7, 2022. [DE 1.] Plaintiffs claim they were improperly evicted from their apartment at Miller Beach Apartments, and state claims against several defendants, including "Agent Mark" who is alleged to have worked at the management office of the

complex during the eviction process. [DE 1 at 1-2.]  Plaintiffs filed a motion to amend/correct the pro se complaint [DE 34], which was later withdrawn by the Plaintiffs in open court during a status conference on August 25, 2022, in front of Magistrate Judge John Martin. [DE 43.]  Judge Martin also granted the unopposed oral motion of the Plaintiffs to amend the case caption/docket sheet from "Agent Mark" to "Mark Williams."  [DE 43.]

During the August 25, 2022 status conference, Judge Martin granted Plaintiffs additional time (up to September 1, 2022) to prepare and submit a proposed summons for Mark Williams and up to September 19, 2022, to serve Mark Williams. [DE 43 at 1.]

On September 19, 2022, Plaintiffs filed a motion for extension of time to issue proper summons and serve Mark Williams. [DE 44.] Judge Martin granted the motion, giving Plaintiffs to October 19, 2022, to provide the proposed summons to the clerk's office and serve the summons in accordance with the Federal Rules of Civil Procedure. [DE 45.]

On October 26, 2022, Plaintiffs had a summons issued to Mark Williams [DE 46] and they filed a certificate of service with the court on October 28, 2022, advising that the complaint and summons had been served upon Mark Williams "agent for Gary Residence 2 LLC," at the management office of La Vue Lake Apartments f/k/a Miller Beach Apartments, 440 North Lake Street, Gary, Indiana 46403. [DE 47.]

Judge Martin then held a status conference on November 3, 2022, and granted the defendant additional time to either file an answer or responsive pleading/affidavit

2

regarding service as to Mark Williams. [DE 48.]  Plaintiffs were given until December 15, 2022, to file a response regarding service as to Mark Williams.  *Id.*

## Discussion

In looking at the certificate of service, the complaint and summons were reported to have been served upon "Mark Williams agent for Gary Residence 2 LLC Management Office" on October 24, 2022, "through one of his agents." [DE 47 at 1.]  However, no one by the name of "Mark Williams" is employed by the defendant Gary Residents 2, LLC, and/or employed at La Vue Lake Apartments f/k/a Miller Beach Apartments. [Aff. of Markita Williams, Ex. 51-1, at ¶¶ 5-7.]  Rather, the affidavit of Markita Williams, who began working as the Leasing Manager at La Vue Lake Apartments f/k/a Miller Beach Apartments on about December 21, 2021[1], attests that the certified mailing arrived on about October 24, 2022, and was given to her because she was the only employee with the last name of Williams at that address. [*Id.* at ¶¶ 10-11.]

As established by Williams' affidavit, she cannot be the individual referred to by Plaintiffs in their complaint, because she started serving as the leasing manager for Miller Beach Apartments on December 21 or 22, 2021, which is after the evictions proceedings began. [DE 51-1 at ¶ 3.]  According to the online docket, which defendant attaches as an exhibit, the eviction proceedings started on November 18, 2021, a full

---

[1] Markita Williams' affidavit actually states that she began working as the leasing manager on December 21 or 22, 2022 [DE 51-1 at ¶ 3], but this is clearly a typographical error as to the year, and defendant's brief states she started on December 21 or 22, 2021, which makes sense because Ms. Williams received the summons in October 2022. [DE 51 at 2.]

3

month before Ms. Williams starting working at Miller Beach Apartments. [DE 51-2.] Moreover, the Order of Ejectment and Possession, granting Miller Beach Apartments immediate possession of the property located at 5806 Cypress, Apt. 201, Gary, Indiana 46403, was issued in the Gary City Court on December 1, 2021, more than 20-days prior to the start of Ms. Williams working at Miller Beach Apartments. [DE 51-3.] While she can't be the person referred to in the complaint, Markita Williams is the only one at Miller Beach Apartments with the last name of "Williams." [DE 51-1 at ¶ 11.]

In sum, Marquita Williams could not have been the "Miller Beach Agent Mark," as originally alleged by Plaintiffs. [DE 1 at 2.] Therefore, the summons issued to Mark Williams was not properly issued. In their motion, which the Court construes as a response, Plaintiffs "contend[] that if they try to still deny that there is a Mark Williams this would [be] obstruction of justice." [DE 56 at 2.] However, Plaintiffs have presented no admissible evidence to the court to counter Ms. Williams' affidavit stating since she started in December 2021 as the Leasing Manager, no person named Mark Williams was employed at La Vue Lake Apartments f/k/a Miller Beach Apartments, and she is familiar with all of the employees working at that location, but she does not know anyone named Mark Williams. [DE 51-1.]

Plaintiffs have failed to timely serve the complaint within 90 days after the complaint was filed, in violation of Federal Rule of Civil Procedure Rule 4(m). "After commencing a federal suit, the plaintiff must ensure that each defendant receives a summons and a copy of the complaint against it." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011). Rule 4(m) states that if a defendant is not served within 90

4

days after the complaint is filed, "the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice or order that service be made within a specified time." Fed. R. Civ. P. 4(m). In this case, Judge Martin already gave Plaintiffs additional time to properly serve the complaint and summons upon Mark Williams. Because they still have not done so, the motion to strike/quash the summons improperly issued to Markita Williams at 440 North Lake Street, Gary Indiana, is GRANTED, and Mark Williams is DISMISSED from this case WITHOUT PREJUDICE because Plaintiffs failed to properly effect service of process upon him.

## Conclusion

The motion to strike/quash the summons improperly issued to Markita Williams [DE 51] is GRANTED, and Defendant Mark Williams is DISMISSED from this case WITHOUT PREJUDICE because Plaintiffs failed to properly effect service of process upon him. Additionally, Plaintiff's Motion to Correct Error Rule 59 [DE 56] is DENIED AS MOOT as the Court construes this as a response to the motion to dismiss.

SO ORDERED.

ENTERED: March 3, 2023.

                                               /s/   Philip P. Simon
                                              PHILIP P. SIMON, JUDGE
                                              UNITED STATES DISTRICT COURT