

# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF INDIANA HAMMOND DIVISION

| | |
|---|---|
| Martrice Rupert & Tommy Williams<br>Propria Persona see:Title 1USC 8<br>V.<br><br>Gary Residence 2 LLC | ) Cause No:2:22 CV 023<br>) Gary Indiana Cause No:45H03-2111-EV-413<br>)<br>)<br>) 42 USC 1983 & 42 USC 2000<br>) Jury Demand<br>)<br>) |

## FRCP RULE 55 MOTION FOR DEFAULT JUDGMENT FOR FRAUD UNDER FRCP RULE 9 ATTACH BRIEF

1.) Comes now Martrice Rupert, and Tommy to state why this remedy should be granted being that we seek for the right to heard on The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."this is cited Legacy Healthcare, Inc. v. Feldman, 11 F. App'x 589, 594 (7th)Cir. 2001) where we would like to speak on our legal findings in law pertaining to fraud.

### ARGUMENT

2.) We ask this court to take notice of our findings in law, and accept "all allegations in our pleading as true", and "view all allegations in the light most favorable to Martrice Rupert, and Tommy Williams this is cited " *Collins v. County of Kendall, Ill.*, 807 F.2d 95, 99 (7th Cir. 1986) *cert. denied,* 483 U.S. 1005, 107 S. Ct. 3228, 97 L. Ed. 2d 734 (1987) (citations omitted)

3.) Martrice Rupert, and Tommy Williams ask this court to take notice of what happened on 09/11/2023, and what are four classifications of unfair claims settlement practices, and did Matt Henriques violate any of these four basic categories ?
(1) misrepresentation of insurance policy provisions,
(2) failing to adopt and implement reasonable standards for the prompt investigation of claims,
(3) failing to acknowledge or to act reasonably promptly when claims are presented, and
(4) refusing to pay in this case properly

Unfair claims practice is the improper avoidance of a claim by an insurer or an attempt to reduce the size of the claim. By engaging in unfair claims practices, an insurer tries to reduce its costs. However, this is illegal in many jurisdictions.

4.) Martrice Rupert, and Tommy Williams cite Employee Benefit Managers v. a Medex Transition Admin. LTD [Fraud]
To prevail in an actual fraud claim under Indiana law, the plaintiff must prove the following elements:
"(1) a material misrepresentation of past or existing fact which
(2) was untrue,
(3) was made with knowledge of or in reckless ignorance of its falsity,

Page:1

[ CONT ](4) was made with the intent to deceive, (5) was rightfully relied upon by the complaining party, and (6) which proximately caused the injury or damage complained of." Lycan v. Walters, 904 F. Supp. 884, 897 (S.D. Ind. 1995) (quoting Lawyers Title Ins. Corp. v. Pokraka, 595 N.E.2d 244, 249 (Ind. 1992)).

5.)When claiming fraud, Rule 9(b) requires that a plaintiff state the circumstances constituting fraud "with particularity." Fed.R.Civ.P. 9(b). The Seventh Circuit has held this to mean that the plaintiff must state "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." Vicom, Inc. v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 777 (7th Cir. 1994); UniQuality, Inc. v. Infotronx, Inc., 974 F.2d 918, 923 (7th Cir. 1992).(holding that the federal rules require that a complaint allege facts that, if proven, would provide an adequate basis for each claim).

6.)"It is basic to the law of conspiracy that there must be at least two persons or entities to constitute a conspiracy this would be Marc Laterzo ,and Jenniffer Davis acting on behalf [Matt Henriques agent for the insurance company who also appeared on 09/11/2022]. A corporation cannot conspire with an agent when that agent is acting within the scope of his authority. A corporation acts through its agents and the acts of the agent are the acts of the corporation. This is cited in" Soft Water Utilities, Inc. v. LeFevre, 308 N.E.2d 395, 399 (Ind.Ct.App. 1974)

7.) Martrice Rupert ,and Tommy Williams contends that there was no PROCEDURAL FAIRNESS OR PROCEDURAL JUSTICE?
When we speak of Procedural Fairness or Procedural Justice (two terms for the same concept), we refer to the perceived fairness of court proceedings. Those who come in contact with the court form perceptions of fairness from the proceedings, from the surroundings, and from the treatment people get.

7.1 )Research has shown that higher perceptions of procedural fairness lead to better acceptance of court decisions, a more positive view of individual courts and the justice system, and greater compliance with court orders.

8.)Procedural fairness legal definition :
To measure procedural fairness, a court should ordinarily look to the negotiation process and attempt to gauge its candor, openness, and bargaining balance.this is cited in '" Evansville Greenway & Remediation Tr., No. 3:07-CV-66, 2010 WL 3781565, at *1 (quoting United States v. Cannons Eng'g Corp., 899 F.2d 79, 86(1st Cir. 1990)).

9.)Martrice Rupert ,and Tommy Williams asserts that Procedural fairness also usually requires putting a non-settling party on notice of the settlement we state that Jennifer Davis ,and Marc Laterzo failed to send a letter before the conference was conducted where we got blindsided on 09/11/2023 see.

Page:2

[CONT]See United States v. IMC E. Corp., No. 18-CV-3818(GRB)(ARL), 2022 WL 4134321, at *4 (E.D.N.Y. Sept. 12, 2022) (finding that there was not procedural fairness because Martrice Rupert ,and Tommy Williams the moving party was not put on notice [of the] settlement negotiations" pursuant to a letter filed by the settling parties).
VOICE: the ability of litigants to participate in the case by expressing their own viewpoints.
NEUTRALITY: the consistent application of legal principles by unbiased decision makers who are transparent about how decisions are made.
RESPECT: that individuals were treated with courtesy and respect, which includes respect for people's rights.
TRUST: that decision makers are perceived as sincere and caring, trying to do the right thing.
UNDERSTANDING: that court participants are able to understand court procedures, court decisions, and how decisions are made.
HELPFULNESS: that litigants perceive court actors as interested in their personal situation to the extent that the law allows. settlement context to has both procedural and substantive components. Evansville Greenway & Remediation Tr., No. 3:07-CV-66, 2010 WL 3781565,

10.)Martrice Rupert ,and Tommy Williams ask this court what was there Substantive Fairness Substantive fairness involves "concepts of corrective justice and accountability." United States v. Comunidades Unidas Contra La Contaminacion, 204 F.3d 275, 281 (1st Cir. 2000). I am guided by the notion that "a party should bear the cost of the harm for which it is legally responsible." Id.; Cannons Eng'g, 899 F.2d at 87. Substantive fairness requires that the settlement terms 'be based upon, and roughly correlated with, some acceptable measure of comparative fault, apportioning liability among the settling parties according to rational (if necessarily imprecise) estimates of how much harm each [potentially responsible party] has done.'" Evansville Greenway & Remediation Tr., No. 3:07-CV-66-SEB-WGH, 2010 WL 3781565, at *2 (quoting Cannons Eng'g, 899 F.2d at 86).

11.)Martrice Rupert ,and Tommy Williams ask this court what was the deciding factor consider on 09/11/2023 in approving a settlement:
(1) whether the settlement was fair and adequate;
(2) whether the settlement was reasonable on standing to redress said injuries ; and
(3) whether the settlement is consistent and faithful to the objectives this is cited in . Evansville Greenway & Remediation Tr., No. 3:07-CV-66, 2010 WL 3781565, at *1 (footnote in original);
This is cited in Von Duprin LLC v. Moran Elec. Serv., Inc., No. 1:16-CV-01942-TWP-MG, 2022 WL 18358919, at *2 (S.D. Ind. Dec. 21, 2022)

12.) Martrice Rupert ,and Tommy Williams assert that neither Jennifer Davis or Marc Laterzo counsel for Gary Residence 2 LLC did not comply with its duty to provide notice to the moving party .CAUSE NO.: 2:20-CV-196-JVB-APR (N.D. Ind. Aug. 31, 2020)Browne v. City of Valparaiso This notice requirement "is designed to guaranty that those bound by the ruling in a class action were accorded their due process rights to notice and an opportunity to be heard." Chaffee v. A&P Tea Co., Nos. 79 C 2735 and 79 C 3625, 1991 WL 5859, at *2 (N.D. Ill. Jan. 16, 1991)

13.)Martrice Rupert ,and Tommy Williams assert sought remedy under Rule 60(b),allows this courts to "vacate judgments whenever such action is appropriate to accomplish justice." this is cited in Klapprott v. United States, 335 U.S. 601, 614-615, (1949). Martrice Rupert ,and Tommy Williams understands our request for relief pursuant to Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances.this is cited " McCormick v. City of Chicago, 230 F.3d 319, 327 (7th Cir. 2000). this action taken by counsel for Gary Residence LLC ,and the agent who speakes on behalf of the insurance company gained a upper hand by  fraud of inducement affected the outcome of the proceeding, the probability that a second go-round would produce a "better" outcome, [and] the costs of that second proceeding to the parties. this was our request  this is cited " Metlyn Realty Corp. v. Esmark, Inc., 763 F.2d 826, 831 (7th Cir. 1985). Accordingly, a grant of relief by a district court in a Rule 60(b) motion is "discretion piled on discretion." Tolliver v. Northrop Corp, 786 F.2d 316, 319 (7th Cir. 1986).

14.)Martrice Rupert ,and Tommy Williams cite Holland v . The City Of Gary CAUSE NO.: 2:10-CV-454 PRC (N.D. Ind. Mar. 8, 2017)Plaintiff also asserts that the judgment must be set aside due to fraud on the court. In order for a judgment to be set aside as allowed by Rule 60(d)(3), fraud on the court must be shown by clear and convincing evidence we state fraud of inducement .

15.)Martrice Rupert ,and Tommy Williams cite Young-Smith v. Bayer Health Care, Llc.Case No. 3:07-CV-629 JVB (N.D. Ind. Nov. 18, 2014)where we alleged fraud on the court by Marc Laterzo ,and Jennifer Davis by attorney misconduct for Fraud Of Inducement

16.) United States v. Sleep Ctrs. of Fort Wayne, LLCNo. 1:11-cv-00035-JD-SLC (N.D. Ind. Feb. 1, 2017)"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

17.)Under Indiana law,Martrice Rupert ,and Tommy William ask this court to take notice a tort occured because the action of one of it's agents being i was a resident during the time of the incident where it happened on Gary Residence 2 LLC  Grounds this cover me for the tort of bad faith upon a showing that the insurer engaged in practices such as: (3) deceiving the insured; and (4) exercising any unfair advantage to pressure an insured into a settlement of [her] claim." See Erie Ins. Co. v. Hickman, 622 N.E.2d 515, 519 (Ind. 1993)

[Defendants acted in a malicious, willful, oppressive, and unfounded manner ]
18.)"The Defendants acted in a malicious, willful, oppressive, and unfounded manner in handling Martrice Rupert ,and Tommy Williams insurance claim[.]" Complaint That insurance agent Matt Henriques failed to stay in constant communication with Marc Laterzo or Jennifer Davis in good faith, to dispute our claims in the amount It is evident that the exercise of [the right to disagree as to the

[CONT]amount of recovery] may directly result in the intentional infliction of temporal damage, including the damage of interference with an insured's business (which an insured will undoubtedly consider to be oppressive)

19.)It is evident that the exercise of [the right to disagree as to the amount of recovery] may directly result in the intentional infliction of temporal damage, including the damage of interference with an insured's business (which an insured will undoubtedly consider to be oppressive)

20.)It , has long been the rule in Indiana. Vernon Fire, 264 Ind. at 609-10, 349 N.E.2d at 181; Indiana Ins. Co. v. Plummer Power Mower (1992), Ind. App., 590 N.E.2d 1085, 1093; CIGNA-INA/Aetna v. Hagerman-Shambaugh (1985), Ind. App., 473 N.E.2d 1033, 1036; Town & Country Mutual Ins. Co. v. Hunter (1984), Ind. App., 472 N.E.2d 1265, 1268; Hoosier Ins. Co. v. Mangino (1981), Ind. App., 419 N.E.2d 978, 982; First Fed. Sav. and Loan Assoc. v. Mudgett (1979), Ind. App., 397 N.E.2d 1002, 1008. As the Court wrote in Vernon Fire [& Cas. Ins. Co. v. Sharp, 349 N.E.2d 173 (Ind. 1976)]:

[element of conscious wrongdoing ]
21.)Element of conscious wrongdoing must also be present. A finding of bad faith requires evidence of a state of mind reflecting dishonest purpose, moral obliquity, furtive design, or ill will. . . . A bad faith determination inherently includes an element of culpability. . . ." Colley v. Indiana Farmers Mut. Ins. Grp., 691 N.E.2d 1259, 1261 (Ind. Ct. App. 1998) (citing Johnston v. State Farm Mut. Auto. Ins., 667 N.E.2d 802, 805 (Ind. Ct. App. 1996)).

22.) Martrice Rupert ,and Tommy Williams cite Johnson v. Fortis Insurance Company as grounds in closing ,and for prayer ,and relief  that Matt Henriques actions constitute a breach of the duty of fair dealing, bad faith, and unfair claim settlement practices that occured on 09/11/2023 and ask this court to take of what have been stated here this case also talks about the amount of a lawsuit not answered too were deemed admitted in this i'm speaking on the defendant Gary Residence 2 LLC counsel failed to raise a objection shows by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal.Therefore, jurisdiction is proper under § 1332. in Stratford Ins. Co. v. Shorewood Forest Utils.it talks about $5,000,000.00 where i state neither Jennifer Davis or Marc Laterzo file a counterclaim objection to the amount i was seeking for damages

23.)By definition A consent judgment (also known as a consent decree or a consent order) is a judgment made by a judge with the consent of all the parties. It is not strictly a judgment, but rather a settlement agreement approved by the court.

24.)Martrice Rupert ,and Tommy Williams assert under Rule 12(f) provides that the court may strike "from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter . . .
we state this action was not taken by this court .
Page:5

[CONT]
(1) on its own; or
(2) on motion made by a party." See also Lincoln Nat'l Corp. v. Steadfast Ins. Co., No. 1:06-CV-58, 2006 WL 1660591(N.D. Ind. June 9, 2006) ("[R]epetitious and unnecessary pleadings, such as a counterclaim we there was never a claim assert in objection to none of our pleadings that merely restates an affirmative defense, or which seeks the opposite effect of the complaint i state once again

this did happen so any argument cannot be asserted being that it is now waived .This prove bad faith, by Martrice Rupert ,and Tommy Williams where it establish, by clear and convincing evidence, that the insurer had knowledge at the time of its determination that there was no legitimate basis for the position it was taking because none of the above was brought forward by either Jennifer Davis or Marc Laterzo this is cited . Masonic Temple Ass'n of Crawfordsville v. Indiana Farmers Mut. Ins. Co., 779 N.E.2d 21, 26 (Ind.Ct.App. 2002).

25.)Martrice Rupert ,and Tommy Williams assert that Matt Henriques actions to abuse of process, Under Indiana law, abuse of process requires proof of "an ulterior purpose, " and "a willful act in the use of process not proper in the regular conduct of the proceeding." Reichhart v. City of New Haven, 674 N.E.2d 27, 30 (Ind.Ct.App. 1996)they used fraud by inducement to get the upper hand on 09/11/2023 where this constitute a claim for common law bad faith, Indiana has stated that Matt Henriques duty of good faith and fair dealing includes "the obligation to refrain from
(1) making an unfounded refusal to pay policy proceeds;
(2) causing an unfounded delay in making payment;
(3) deceiving the insured; and
(4) exercising any unfair advantage to pressure an insured into a settlement of his claim." Hickman, 622 N.E.2d at 519.

26.)Martrice Rupert ,and Tommy Williams contends that on 09/11/2023 a [ Civil conspiracy ]occurred by fraud of inducement on 09/11/2024 where preponderance evidence have been proven we assert a allegations of a civil conspiracy are just another way of asserting concerted action in the commission of a tort. this is cited " Boyle v. Anderson Fire Fighters Ass'n Local 1262, 497 N.E.2d 1073, 1079 (Ind.Ct.App. 1986) (citations omitted); Durakool, Inc. v. Mercury Displacements Indus., Inc., 422 N.E.2d 680, 682 (Ind.Ct.App. 1981)

26.1 )[There was mental anguish Damage that resulting from this conspiracy]
and that the proper cause of action is for damage resulting from a conspiracy). "If the complaint is to state a valid cause of action, the plaintiff must allege that the defendants conspired to accomplish an unlawful purpose or a lawful purpose by unlawful means." Durakool, 422 N.E.2d at 682.

Page : 6

26.2)[A fraudulent scheme become liable for the harm caused by the scheme this would fall on MattHenriques]All who knowingly enter a fraudulent scheme become liable for the harm caused by the scheme — even if their part of the scheme does not entail making fraudulent representations." Schmidt Enters., Inc. v. State, 354 N.E.2d 247, 638 (Ind.Ct.App. 1976); see also Simpson v. Aetna Fin. Co., 523 N.E.2d 762, 764 n. 2 (Ind.Ct.App. 1988)

26.3 [liable if he personally participated in a tort]
An officer may, however, be liable if he personally participated in a tort, such as fraud. McDaniel, 443 N.E.2d at 103..

27.)                                    Conclusion
Martrice Rupert ,and Tommy Williams contends we have carried the preponderance of evidence that Matt Henriques is responsible for Jennifer Davis ,and Marc Laterzo action who personally participated in this fraud upon the court on 09/11/2023, and Matt Henriques cannot escape liability for his participation ,and there participation being they where contracted to defend him being that his appearance on 09/11/2023 claiming that he acted on behalf of the Insurance corporation because an

agent is liable for his own torts. Howard Dodge Sons, Inc. v. Finn (1979), Ind. App., 391 N.E.2d 638. we state or opponent know the court rule on responding to pleading where they have fail to do so.

28.)                              Prayer And Relief
Martrice Rupert ,and Tommy Williams ask for this court to set aside the settlement agreement that occurred on 09/11/2023 ,because it has been proven to be fraudulent ,where I seek additional remedies on the right to heard on my legal findings before this court in the process of being fair .

29.)                              Signature :
I declare under penalty of perjury that this information is true. IC 35-44.1-2-4 10/10/2023 that the foregoing (the following) representations are true. true to the best of knowledge in law ,and this not the signature last word on this legal matter Martrice Rupert is a non lawyer in Propria Persona  See HAINES V.KERNER .

Martrice Rupert seek swift adjudication on all matter before this court and pray that  this remedy is granted.
Signed _____
            All Inalienable  Right Reserve To The Constitution Of The United States Of America

28 USC 1746
Martrice Rupert declare under penalty of perjury that the foregoing is true and correct to the best of my Knowledge in the law Executed on (10/10/2023)
(Sign Signature)_____
            402 Lincoln Street Gary Indiana Zip Code 46403
            219-448-8927 Email:mrupert1990@yahoo.com

30.)        State of Indiana Oath Affirmation Indiana Code 35-34-1-2.4 10/10/2023
I Tommy Williams swear,and (affirm),under penalty of perjury as specified by :
IC 35-44.1-2-4 that the foregoing (the following) representations are true. to the best of knowledge in law ,and this not the signature last word on this legal matter Tommy Williams is a non lawyer in Propria Persona  See HAINES V.KERNER .

Tommy Williams understands this action is taken ,and ask THE UNITED STATES DISTRICT COURT to take notice to UCC 1-207 & UCC 1-103.6.,and pray that  this remedy is granted
Signed _____
            All Inalienable  Right Reserve To The Constitution Of The United States Of America

28 USC 1746
Tommy Williams declare under penalty of perjury that the foregoing is true and correct to the best of my Knowledge in the law Executed on (10/10/2023).
(Sign Signature)_____
            1745 East 73rd Place Apt 3 Chicago Illinois 60649
            Cell Phone :773-517-8927